

FILED

OCT 0 4 2019

Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRUCE ALLEN FREY,<br><br>Petitioner,<br><br>vs.<br><br>LIEUTENANT JOHSNON;<br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 19-155-M-DLC-KLD<br><br>FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

On September 9, 2019, Petitioner Bruce Allen Frey filed this action under 28

U.S.C. § 2254.[1]  Frey is a state prisoner proceeding pro se.  For the reasons set

forth below, Frey's petition should be dismissed.

**I.      28 U.S.C. § 2254 Petition**

The Court is required to screen all actions brought by prisoners who seek

relief.  28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion

thereof if the prisoner raises claims that are legally frivolous or fails to state a basis

upon which relief may be granted.  28 U.S.C. § 1915A(b)(1), (2).  The Court must

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988) (pro se prisoner's document deemed
filed at the time prisoner delivers it to prison authorities).

1

dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. Because Frey's claims are unexhausted, his petition should be dismissed without prejudice.

## I.    Procedural History/Frey's Claims

Following a January 2015 jury trial in Montana's Eleventh Judicial District, Flathead County, Frey was found guilty of committing three counts of Sexual Assault. Although neither Frey nor counsel filed a timely appeal, the Montana Supreme Court permitted Frey to file an out-of-time appeal. See e.g., (Doc. 1-1 at 1-2.) The allowance was made, in part, due to Frey's deteriorating eyesight. *Id.*

On appeal Frey argued the district court erred by: (1) denying Frey's motion in limine regarding prior bad acts, (2) admitting testimony regarding Frey's ability to see, and (3) imposing $9,181.45 in prosecution and jury costs, in addition to $30 technology fees for each count of conviction. See, *State v. Frey*, 2018 MT 238, ¶ 1, 393 Mont. 59, 427. P. 3d 86. The Montana Supreme Court affirmed Frey's convictions, but remanded the matter for further proceedings regarding Frey's ability to pay court costs.

In his petition filed with this Court, Frey acknowledges that he has not sought state postconviction relief but intends to do so soon. (Doc. 1 at 5, ¶ 13(A)(v)). Likewise, he has not filed a petition for state habeas corpus relief. See

e.g., *Id.* at 5, ¶ 13(A)(iii.)  Frey claims: (1) trial judge Hon. Ted O. Lympus was

biased; *Id.* at 4, ¶ 13(A)(i); and, (2) trial counsel provided ineffective assistance, *Id.*

at 5; 9-11.  Frey asks this Court to order a new trial and/or dismiss his convictions.

*Id.* at 7, ¶ 16.

## II.  Analysis

A state prisoner must exhaust his state court remedies before petitioning for

a writ of habeas corpus in federal court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Federal courts may not grant a writ of habeas corpus brought by an individual in

custody pursuant to a state court judgment unless "the applicant has exhausted the

remedies available in the courts of the State."  28 U.S.C. §2254(b)(1)(A).  "The

exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and

(c), reflects a policy of federal-state comity, an accommodation of our federal

system designed to give the State an initial opportunity to pass upon and correct

alleged violations of its prisoners' federal rights."  *Picard v. Connor*, 404 U.S. 270,

275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies

available," § 2254(b)(1)(A), through the state's established procedures for

appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe

"the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d

1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to

give application to the constitutional principle upon which the petitioner relies," *id.*
See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet
all three prongs of the test in one proceeding. "Mere 'general appeals to broad
constitutional principles, such as due process, equal protection, and the right to a
fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999,
cert. denied, 546 U.S. 818 (2005).

In the present case, the Montana Supreme Court has never considered the
judicial bias or ineffective assistance of counsel claims that Frey now attempts to
advance. As set forth above, Frey has yet to seek collateral review, but intends to
file a petition for postconviction relief. Before Frey can file a federal habeas
petition, he must give the state courts one full opportunity to review his
constitutional claims. *O'Sullivan*, 526 U.S. at 845. Because Frey has not yet
exhausted his available state court remedies, this Court cannot review the claim.
See *Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal should be **without prejudice**,
allowing Frey to return to this Court if and when he fully exhausts the claims
relative to his current custody.

## III.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it
enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254
Proceedings. A COA should issue as to those claims on which a petitioner makes

4

a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

At this juncture, Frey has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Frey's Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

5

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Frey may object to this Findings and Recommendation within 14 days.[2] 28

U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo

determination by the district judge and/or waive the right to appeal.

<u>Frey must immediately notify the Court of any change in his mailing address.</u>

Failure to do so may result in dismissal of his case without notice to him.

DATED this 4th day of October, 2019.

Kathleen L. DeSoto
United States Magistrate Judge

---

[2]  Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party
may or must act within a specified time after being served and service is made
under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise
expire under Rule 6(a)."  Therefore, since Frey is being served by mail, he is
entitled an additional three (3) days after the period would otherwise expire.